# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| United States of America, | Case No. 2:09-CR-00218-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| Paul G. Smith, | |
| Defendant. | |

Before the Court is Defendant Paul G. Smith's Motion for Early Termination of Supervised Release (#61). Plaintiff United States of America filed a response (#62).

I. Background

In 2010, Defendant pled guilty to social security fraud (#38/53). Defendant was subsequently sentenced to 18 months' imprisonment and a three-year term of supervised release (#47/54). Defendant filed the present motion approximately two years after his release from prison.

II. Legal Standard

18 U.S.C. § 3583(e)(1) allows a court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]" When making this determination, a court considers (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational

1  training, medical care or other rehabilitation; (5) the sentence and sentencing range established

2  for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission;

3  (7) the need to avoid unwarranted sentence disparities among defendants with similar records

4  who have been found guilty of similar conduct; and (8) the need to provide restitution to any

5  victims of the offense. See 18 U.S.C. § 3583(e); 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C),

6  (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The defendant, however, bears the burden of

7  demonstrating that early termination of his supervised release is justified. See United States v.

8  Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

9  III. Analysis

10       Defendant argues that his supervised release should be terminated early because its travel

11  restrictions are unduly burdensome. Specifically, Defendant asserts that, although he is a

12  relicensed chiropractor, his ability to complete his continuing education requirements has been

13  severely limited. Defendant also contends that his travel restrictions prevent him from spending

14  quality time with his daughter.

15       The modification or termination mechanism found in § 3583(e) allows a court "to

16  respond to changes in the defendant's circumstances that may render a previously imposed

17  condition of release either too harsh or inappropriately tailored to serve the general punishment

18  goals of § 3553(a)." See United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

19  Defendant's motion, however, does not demonstrate that his travel restrictions are unduly

20  burdensome such that his supervised release should be terminated early. The Probation Office

21  has procedures in place that allow a supervisee to travel outside of the state by seeking approval

22  before traveling. Defendant, according to his motion, "has proven himself to be a model

23  probationer with a spotless supervision record" (#61, p. 8). It thus stands to reason that if

24  Defendant submitted a request to the Probation Office asking to attend a continuing education

25  class or visit a family member, it would likely be granted. But the instant motion does not

26  contend that Defendant ever took (or even attempted to take) a trip outside this jurisdiction;

2

1   instead, it is filled with vague assertions that Defendant's hardships are difficult.[1] These

2   assertions fail to satisfy Defendant's burden.

3         Defendant additionally maintains that "[s]aid difficulties affect the amount of restitution

4   he is able to pay each month, in direct conflict with the terms of supervised release" Id. at 7. This

5   conflict was previously acknowledged by the district court during Defendant's sentencing. See

6   #54, p. 11-13. Despite this conflict, the district court determined that § 3553 necessitated

7   Defendant's 18-month term of incarceration and three-year term of supervised release. See Id.

8   Defendant must therefore identify a changed circumstance or other relevant factor to justify his

9   early termination. See U.S. v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000). Defendant, however,

10  does not do so: he merely provides the Court with additional vague assertions. Defendant thus

11  fails to fulfill his burden under Weber.

12        Defendant finally asserts that early termination is warranted because he has no criminal

13  history, assumed full responsibility for his actions when he pleaded guilty, and has complied

14  with the terms of his supervised release. Compliance, however, is what is expected of a

15  Defendant on supervised release; it does not in and of itself constitute an adequate basis to

16  terminate supervised release early. See United States v. Bauer, 2012 WL 1259251, at *2

17  (N.D.Cal. 2012) (citing cases).

18        After considering the relevant statutory factors, the Court must deny Defendant's motion.

19  Defendant pled guilty to a serious fraudulent offense: he stole approximately $435,000 over the

20  course of a decade. Defendant, however, was sentenced on the low end of the guideline range,

21  despite the severity of the crime. This, combined with Defendant's failure to persuasively

22  demonstrate a changed circumstance or other relevant statutory factor, convinces the Court that

23  early termination of Defendant's supervised release is not appropriate.

24  ///

25

26        [1] See e.g. Id. at 6. ("[Defendant's] search to secure meaningful employment – albeit on a part-time basis
due to his health constraints – has been unsuccessful so far, particularly because his sentence is still active.").

1  IV. Conclusion

2          Accordingly, it is **HEREBY ORDERED** that Defendant's Motion for Early Termination

3  of Supervised Release (#61) is **DENIED**.

4

5          DATED this __17th__ day of June 2015.

6

7                                                    _____

8                                                    Kent J. Dawson
                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26